## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| EL PASO COUNTY, TEXAS, and<br>BORDER NETWORK FOR HUMAN RIGHTS,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as<br>President of the United States of America, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 3:19-cv-66-DB

**PLAINTIFFS' UNOPPOSED MOTION FOR ORAL ARGUMENT AND EXPEDITIOUS RULING**

Pursuant to this Court's local and individual rules, Plaintiffs El Paso County and the Border Network for Human Rights ("BNHR") request an oral hearing in this case and an expeditious decision on their motion for summary judgment or a preliminary injunction, and the Defendants' cross motions.  Plaintiffs have conferred with Defendants on this motion.  The Defendants do not oppose either of the Plaintiffs' requests.

Plaintiffs' motion is based on the following:

**1.  Oral argument would assist the Court.**

Plaintiffs' complaint contains seven claims for relief.  Defendants have raised multiple arguments seeking dismissal of those claims, including that no court has the power to review the President's actions in overturning the will of Congress on constructing a border wall and that neither Plaintiff has standing to challenge those actions as members of the border community living the consequences of the President's emergency proclamation. The Defendants have staked out an extreme position on the breadth of executive power that, if adopted, would substantially weaken Congress's power of the purse. In doing so, the Defendants have made numerous, often

inconsistent representations to Congress, courts, and the public about what money it will seek to allocate, when and where it will begin construction projects, and the basis for its right to access funds Congress did not appropriate for wall construction.  While the Court has given the parties generous leeway to brief these issues, Plaintiffs believe that oral argument would assist the Court in understanding the Defendants' current intentions, which would, in turn, aid an expeditious decision in this case.

2. **An expeditious ruling is warranted by the imminent and ongoing harm caused by the Defendants' actions and is in the public interest.**

   a. **Plaintiffs are suffering ongoing harm from the Defendants' actions.**

With every week that passes, Plaintiffs suffer increasing harm from the President's emergency declaration and from Defendants' imminent plans to use funds to construct a wall that Congress did not approve. These harms merit the granting of a preliminary injunction, as Plaintiffs have alternatively requested, and certainly warrant a speedy resolution of the pending motions.

El Paso County's reputation has been damaged by the government's official declaration that the border is under a state of emergency, causing county officials to expend time and resources to counter the false statement that the border and its immigrant community are dangerous. As county officials have explained in uncontroverted declarations, they are hearing directly from people who are reluctant to visit and do business on the border because of the President's declaration and the impending wall construction.  They have also been compelled to re-tool a multimillion-dollar tourism campaign whose key message—that El Paso County is a desirable place to visit—has been undermined by Defendants' actions, including the President's emergency declaration.

BNHR's primary mission of organizing and educating border immigrant families to advocate for immigration reform likewise has been, and continues to be, frustrated by Defendants' actions, causing BNHR to divert resources away from that mission and toward opposing the emergency declaration and construction of a border wall that BNHR had already stopped through the political process.  Again, as explained in an uncontroverted declaration submitted with Plaintiffs' motion for summary judgment, BNHR has had to cancel events, hire additional staff, spend additional time, and create new programs to help its members deal with the fallout caused by the emergency declaration and Defendants' imminent plans to start wall construction.

In addition to these harms that have been accumulating since the President's emergency declaration on February 25, 2019, Plaintiffs face the impending harm of wall construction pursuant to the emergency declaration and 10 U.S.C. § 2808, as well as 10 U.S.C. § 284. The Defendants have made clear their intention to move forward with wall construction at their earliest opportunity and have reprogrammed funds and awarded contracts pursuant to authority they claim under 10 U.S.C. § 284. The Defendants recently represented that they were prepared to commence wall construction in the El Paso Sector by July 1, 2019, and last week advised the Supreme Court of time pressure to execute the drug interdiction funding.  While the Northern District of California has enjoined that construction in a separate case, the government has appealed the decision, which means that the possibility of imminent construction persists. Furthermore, while the Defendants have represented that they have not yet made final decisions on what military construction funds to access pursuant to 10 U.S.C. § 2808, they have identified $52.3 million in funding to Fort Bliss as a prime candidate. And the President's proclamation expresses an intent to use military construction funds, which harms Plaintiffs now.

The impending wall construction will cause further damage to Plaintiffs.  The Defendants do not dispute that BNHR families live in Southern New Mexico where wall construction will take place, nor that the construction will occur within DHS's El Paso Sector, which is immediately adjacent to El Paso County.  The Defendants do not dispute—nor could they—that El Paso County and Southern New Mexico are an integrated economy and that construction on the New Mexico-Mexico border would impact traffic, access to ports of entry, the environment, and access to natural resources for El Paso County's residents and BNHR's members. The Defendants also do not dispute that the emergency declaration and the government's designation of available military construction funds impact Fort Bliss, nor do they dispute the importance of Fort Bliss to the El Paso County and border economy.

A speedy ruling from this Court is therefore necessary to protect the Plaintiffs both from the damage construction will cause and the ongoing injury caused by the imminent threat of construction.

> **b.  This case should move forward quickly because of the gravity of the issues posed and the strong public interest in resolving them.**

This case raises significant issues about key powers of the legislative and executive branches of government within the context of a significant national debate on immigration policy.  There are multiple lawsuits in different jurisdictions that advance different constitutional and statutory bases for challenging the President's actions, one of which is already on appeal. Plaintiffs here argue that the President's emergency declaration violates the National Emergencies Act, and that if it does not, the National Emergencies Act violates the non-delegation doctrine.  And they further argue that the declaration itself harms them, even if the Defendants have not yet used the declaration as a basis to reprogram funds or commence construction. These arguments are unique to this case, yet they have national implications. At the

same time, other issues in this lawsuit overlap with those now on appeal in the Ninth Circuit.

Congress, the President, and the public need final resolution on the question of who has the

primary power to decide whether and how money will be spent on a border wall. Judicial

economy and public interest considerations therefore warrant an expeditious ruling in this case.

## CONCLUSION

Briefing on the pending motions in this case will be complete by July 31, 2019.  Counsel

for Defendants and Plaintiffs are unavailable from August 5-23, 2019.  For the reasons explained

above, the Plaintiffs request that the Court hold oral argument on the earliest practicable date,

and that a ruling follow as soon thereafter as possible.

Dated: July 17, 2019

Respectfully submitted,
/s/ *Kristy Parker*
Kristy Parker (*Pro hac vice*)
Justin Florence (*Pro hac vice*)
Erica Newland (*Pro hac vice*)
THE PROTECT DEMOCRACY PROJECT, INC.
2020 Pennsylvania Avenue., NW, #163
Washington, DC 20006
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
kristy.parker@protectdemocracy.org
justin.florence@protectdemocracy.org
erica.newland@protectdemocracy.org

Deana K. El-Mallawany (*Pro hac vice*)
THE PROTECT DEMOCRACY PROJECT, INC.
10 Ware Street
Cambridge, MA 02138
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
deana.elmallawany@protectdemocracy.org

Stephanie Llanes (*Pro hac vice*)
THE PROTECT DEMOCRACY PROJECT, INC.
222 Broadway, 19th Floor
New York, NY 10038
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
stephanie.llanes@protectdemocracy.org

Anton Metlitsky (*Pro hac vice*)
O'MELVENY & MYERS LLP
Seven Times Square
New York, NY 10036
(212) 326-2000
ametlitsky@omm.com

Ephraim McDowell (*Pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
emcdowell@omm.com

David Bookbinder (*Pro hac vice*)
NISKANEN CENTER
820 First Street, NE
Washington, DC 20002
Telephone: (301) 751-0611
dbookbinder@niskanencenter.org

Richard Mancino (*Pro hac vice*)
Shaimaa M. Hussein (*Pro hac vice*)
Matthew Dollan (*Pro hac vice*)
Samantha G. Prince (*Pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
RMancino@willkie.com
SHussein@willkie.com
MDollan willkie.com
SPrince@willkie.com

Stuart Gerson (*Pro hac vice*)
EPSTEIN BECKER GREEN
1227 25th Street, NW
Washington, DC 20037
Telephone: (202) 861-4180
Email: SGerson@ebglaw.com

Laurence H. Tribe (*Pro hac vice*)
Carl M. Loeb University Professor and
Professor of Constitutional Law
HARVARD LAW SCHOOL*
1575 Massachusetts Avenue
Cambridge, MA 02138
Telephone: (617) 495-1767
Email: tribe@law.harvard.edu

*Affiliation noted for identification purposes only

John C. Padalino (Texas State Bar No. 24041638)
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Telephone: (512) 596-2944
Facsimile: (512) 596-2944
john@padalinolaw.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically filed the foregoing document with the U.S. District Court for the Western District of Texas by using the CM/ECF system, which will send notifications of such filing to all CM/ECF counsel of record.

Dated: July 17, 2019

/s/ *Kristy Parker*
Kristy Parker (*Pro hac vice*)
THE PROTECT DEMOCRACY PROJECT, INC.
2020 Pennsylvania Avenue., NW, #163
Washington, DC 20006
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
kristy.parker@protectdemocracy.org