# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

EL PASO COUNTY, TEXAS
500 E. San Antonio
El Paso, TX 79901 and

BORDER NETWORK FOR HUMAN RIGHTS
2115 N. Piedras St
El Paso, TX 79930,

          Plaintiffs,

    v.

DONALD J. TRUMP, in his official capacity as
President of the United States of America,

MARK T. ESPER, in his official capacity as
Secretary of Defense,

KEVIN McALEENAN, in his official capacity as
Acting Secretary of Homeland Security,

TODD T. SEMONITE, in his official capacity as
Commanding General
United States Army Corps of Engineers,

DAVID BERNHARDT, in his official capacity as
Acting Secretary of the Interior,

STEVEN T. MNUCHIN, in his official capacity as
Secretary of the Treasury,

          Defendants.

Civil Action No. 3:19-cv-66-DB

**SUPPLEMENTAL BRIEF ADDRESSING SCOPE OF REMEDY**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 2

    I.    THE COURT SHOULD ISSUE A DECLARATORY JUDGMENT
          THAT THE PROCLAMATION'S INVOCATION OF § 2808 AND
          DEFENDANTS' USE OF §§ 2808 AND 284 FUNDS ON BUILDING A
          BORDER WALL ARE UNLAWFUL ............................................................ 2

    II.   THE COURT SHOULD PERMANENTLY ENJOIN THE AGENCY
          HEAD DEFENDANTS FROM USING §§ 2808 AND 284 FUNDS ON A
          BORDER WALL ............................................................................................ 3

CONCLUSION..................................................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Dep't of Texas, Veterans of Foreign Wars v. Texas Lottery Comm'n*,
 760 F.3d 427 (5th Cir. 2014) ............................................................................... 3

*eBay Inc. v. MercExchange, LLC*,
 547 U.S. 388 (2006) ............................................................................................. 4

*Franklin v. Massachusetts*,
 505 U.S. 788 (1992) ............................................................................................. 2

*Gill v. Whitford*,
 138 S. Ct. 1916 (2018) ......................................................................................... 7

*Goodman v. Harris Cnty.*,
 239 F. App'x 869 (5th Cir. 2007) ......................................................................... 3

*McLaughlin v. Mississippi Power Co.*,
 376 F.3d 344 (5th Cir. 2004) ............................................................................... 3

*Milliken v. Bradley*,
 433 U.S. 267 (1977) ............................................................................................. 5

*Missouri v. Jenkins*,
 515 U.S. 70 (1995) ........................................................................................... 5, 6

*Nken v. Holder*,
 556 U.S. 418 (2009) ............................................................................................. 4

*Paulsson Geophysical Servs., Inc. v. Sigmar*,
 529 F.3d 303 (5th Cir. 2008) ............................................................................... 4

*Pendergest-Holt v. Certain Underwriters at Lloyd's of London*,
 600 F.3d 562 (5th Cir. 2010) ............................................................................... 3

*Sierra Club v. Trump*,
 2019 WL 2715422 (N.D. Cal. 2019) .................................................................... 3

*Texas v. United States*,
 809 F.3d 134 (5th Cir. 2015) ........................................................................... 2, 5

*Trump v. Sierra Club*,
 2019 WL 3369425 (S. Ct. 2019) .......................................................................... 6

**TABLE OF AUTHORITIES**
(Continued)

**Page(s)**

*Utah v. Evans*,
    536 U.S. 452 (2002)..................................................................................................... 2

*Vais Arms, Inc. v. Vais*,
    383 F.3d 287 (5th Cir. 2004) ..................................................................................... 3

*Youngstown Sheet & Tube Co. v. Sawyer*,
    343 U.S. 579 (1952)................................................................................................ 2, 4

**Statutes**

28 U.S.C. § 2201 .......................................................................................................... 2

## INTRODUCTION

On October 11, 2019, this Court held that Plaintiffs "have standing and are entitled to summary judgment based on their [Consolidated Appropriations Act] claim." ECF No. 129, at 8; *see id.* at 25 ("this Court will enter summary judgment"); *id.* at 32. "The Proclamation" and Defendants' "funding plan," the Court reasoned, "violate[] the CAA generally and specifically violate[] § 739." *Id.* at 24; *see id.* at 25, 32. First, because "the CAA specifically appropriates $1.375 billion for border-wall expenditures," it precludes Defendants from "transfer[ring] $6.1 billion of funds appropriated for other more *general* purposes—military construction, under § 2808, and counterdrug activities, under § 284." *Id.* at 26; *see id.* at 29 ("the Proclamation's use of other legislation to commit additional funds to border barrier construction conflicts with the CAA"). Second, "§ 739 prohibits Defendants' plan to fund the border wall because the plan is barred by that provision's general rule and the plan does not fall within its exception." *Id.* at 30.

In its opinion, the Court requested that Plaintiffs "file a proposed preliminary injunction specifying the scope of said injunction," as well as "additional briefing" on whether Plaintiffs can "obtain equitable relief against the President." *Id.* at 25, 33. As explained below, this Court should: (1) issue a declaratory judgment that the Proclamation is unlawful to the extent it authorizes border wall construction using funds appropriated by the CAA for "military construction" under 10 U.S.C. § 2808, and that Defendants' use of funds appropriated by the CAA for "military construction" under 10 U.S.C. § 2808 and "support for counterdrug activities" under 10 U.S.C. § 284 funds on building a border wall is unlawful; and (2) permanently enjoin Defendants Esper, McAleenan, Semonite, Bernhardt, and Mnuchin ("the agency head

Defendants") from using funds appropriated by the CAA for "military construction" under § 2808 and "support for counterdrug activities" under § 284 on building a border wall.[1]

## ARGUMENT

### I.   THE COURT SHOULD ISSUE A DECLARATORY JUDGMENT THAT THE PROCLAMATION'S INVOCATION OF § 2808 AND DEFENDANTS' USE OF §§ 2808 AND 284 FUNDS ON BUILDING A BORDER WALL ARE UNLAWFUL

This Court expressly held that "[t]he Proclamation is unlawful" and "the funding plan violates the CAA generally and specifically violates § 739." ECF No. 129, at 24. In accordance with that holding, the Court should issue a declaratory judgment that the Proclamation is unlawful to the extent it authorizes border wall construction using funds appropriated by the CAA for "military construction" under § 2808, and that Defendants' use of funds appropriated by the CAA for "military construction" under § 2808, and "support for counterdrug activities" under § 284 on building a border wall is unlawful. *See* 28 U.S.C. § 2201(a) (court "may declare the rights and other legal relations of any interested party seeking such declaration"); ECF No. 52, at 47 (Plaintiffs seeking declaratory relief. The Supreme Court has long "assume[d] it is substantially likely that the President and other executive . . . officials w[ill] abide by an authoritative interpretation of . . . statut[ory] and constitutional provision[s] by [a] District Court." *Franklin*, 505 U.S. at 803; *Utah v. Evans*, 536 U.S. 452, 464 (2002) (same). The same should hold true here.

---

[1] Given the Court's ruling, Plaintiffs can obtain all their requested relief through a declaratory judgment and permanent injunction against the agency head Defendants. *See Texas v. United States*, 809 F.3d 134, 188 (5th Cir. 2015) (affirming injunction against various executive officials); *Franklin v. Massachusetts*, 505 U.S. 788, 802 (1992) ("injunctive relief against executive officials like the Secretary of Commerce is within the courts' power"); *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 589 (1952) (enjoining Secretary of Commerce from seizing steel mills). This Court therefore need not enjoin the President.

**II.      THE COURT SHOULD PERMANENTLY ENJOIN THE AGENCY HEAD
DEFENDANTS FROM USING §§ 2808 AND 284 FUNDS ON A BORDER WALL**

The Court granted Plaintiffs' motion for summary judgment, ECF No. 129, at 8, 25, 32,

which is a final judgment that "ends the litigation on the merits," *McLaughlin v. Mississippi Power

Co.*, 376 F.3d 344, 350 (5th Cir. 2004); *Goodman v. Harris Cty.*, 239 F. App'x 869, 875 (5th Cir.

2007) (summary judgment order "resolv[ing] all of the claims in [a] case" is a "final judgment").

When a court grants a plaintiff summary judgment, a permanent—rather than preliminary—

injunction should issue.  *See, e.g.*, *Dep't of Texas, Veterans of Foreign Wars v. Texas Lottery

Comm'n*, 760 F.3d 427, 441 (5th Cir. 2014) (en banc) (affirming summary judgment and

permanent injunction); *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 296 (5th Cir. 2004) (same); *Sierra

Club v. Trump*, 2019 WL 2715422, at *6 (N.D. Cal. June 28, 2019) (granting summary judgment

and permanently enjoining border wall construction under § 8005).  After all, there is no need to

determine whether the plaintiff is "likely to succeed on the merits" (as a court does in a

preliminary-injunction posture, *see Pendergest-Holt v. Certain Underwriters at Lloyd's of

London*, 600 F.3d 562, 568-69 (5th Cir. 2010)) once the court determines that the plaintiff *has

succeeded* on the merits.  Plaintiffs here sought a preliminary injunction only in the alternative to

summary judgment and a permanent injunction.  *See* ECF No. 54, at 50.  Because this Court

correctly granted Plaintiffs summary judgment, a permanent injunction is the proper form of

equitable relief.

To be entitled to a permanent injunction, a plaintiff must demonstrate: "(1) that it has

suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are

inadequate to compensate for that injury; (3) that, considering the balance of hardships between

the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would

not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Plaintiffs satisfy the permanent-injunction factors.  As this Court held, Plaintiffs have suffered serious reputational, economic, and organizational injuries because of the Proclamation and Defendants' use of §§ 2808 and 284 funds on building a border wall.  *See* ECF No. 129, at 9-22.  Those injuries are irreparable absent an injunction:  the County's reputational and economic harm will persist as long as Defendants are allowed to carry out their plan to build a wall; and BNHR will continue to divert resources to counteract Defendants' unlawful actions as long as those actions remain in effect.  Money damages cannot substitute for injunctive relief in this case, because Defendants' actions are causing Plaintiffs compounding and incalculable harm.  *See Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 313 (5th Cir. 2008) (injunctive relief proper where damages "could not be quantified").

Where, as here, the government is a party to the case, the third and fourth permanent-injunction factors merge.  *See Nken v. Holder*, 556 U.S. 418, 435 (2009).  For the reasons already given, Plaintiffs would experience severe hardship absent an injunction.  Defendants, by contrast, have no legitimate interest in taking actions that violate the CAA, or in spending funds that Congress appropriated for purposes other than a border wall.  And while the importance of border security should not be minimized, that concern cannot override the public's interest in the Executive Branch complying with the law.  That is especially so when Congress—the People's representatives—determined that securing the border required only $1.375 billion, not $6.1 billion, to be spent on a wall.  *See Youngstown*, 343 U.S. at 655 ("men have discovered no technique for long preserving free government except that the Executive be under the law, and that the law be made by parliamentary deliberations").

The proper scope of a permanent injunction turns on "the nature and scope of the [relevant] violation." *Missouri v. Jenkins*, 515 U.S. 70, 88 (1995); *see Milliken v. Bradley*, 433 U.S. 267, 281-82 (1977) (noting "[t]he well-settled principle that the nature and scope of the remedy are to be determined by the violation").  In *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), for instance, the Fifth Circuit affirmed a nationwide injunction against the Executive Branch's "Deferred Action for Parents of Americans" program, reasoning that "immigration policy" is a "comprehensive and *unified* system" and that "a geographically-limited injunction would be ineffective." *Id.* at 188.  Moreover, it noted that "the Constitution vests the District Court with 'the judicial Power of the United States,'" which "is not limited to the district wherein the court sits but extends across the country." *Id.*  Accordingly, the court concluded, "[i]t is not beyond the power of a court, in appropriate circumstances, to issue a nationwide injunction." *Id.*

Here, the injunction's proper scope follows naturally from this Court's opinion: Defendants' wall funding plan—consisting of the Proclamation, § 2808, and § 284—must be enjoined.  This Court held that Plaintiffs were injured by all of Defendants' challenged actions. *See* ECF No. 129, at 18 ("El Paso County has standing to bring its claims"); *id.* at 22 ("All BNHR's organizational injuries . . . have a 'causal nexus' to Defendants' actions, and would be redressed if this Court were to enjoin those actions.").  And it held that "[t]he Proclamation is unlawful" and Defendants' wall "funding plan violates the CAA generally and specifically violates § 739." *Id.* at 24; *see id.* at 26 ("Defendants' funding plan . . . will transfer $6.1 billion of funds appropriated for other more *general* purposes—military construction, under § 2808, and counterdrug activities, under § 284" and "therefore . . . violates the CAA").  Because Defendants' entire "funding plan"— which again, involves the Proclamation, § 2808, and § 284—injures Plaintiffs and violates the law,

that *entire* plan must be enjoined.  Anything less would not fit with the "nature and scope" of the "violation" that this Court found.  *Jenkins*, 515 U.S. at 88.

Based on the Supreme Court's order in *Trump v. Sierra Club*, 2019 WL 3369425 (S. Ct. 2019), this Court did find "Plaintiffs' argument that the DOD Secretary exceeded his statutory authority under § 284 unviable," ECF No. 129, at 6.  But Plaintiffs understand the Court's statement to mean only that § 8005 "authorizes [DOD] to transfer the $2.5 billion for § 284 Support for Counterdrug Activities" from its military personnel account to its counterdrug support account.  *Id*.  Even if that is true, DOD's *expenditure* of the same $2.5 billion on the wall under § 284 violates the CAA and § 739, as this Court expressly held.  *See, e.g.*, *id.* at 30 (holding that "tap[ping] appropriated military construction funds under § 2808 *and counterdrug support funds under § 284*" violates § 739 (emphasis added)).  That $2.5 billion expenditure under § 284 must therefore be enjoined, along with the Proclamation and § 2808 expenditure.

Defendants have previously argued that "at the absolute most, the Court should enjoin only the use of funds associated with the Fort Bliss project."  ECF No. 126, at 15.  They based that argument exclusively on the erroneous premise that Plaintiffs' sole harm is losing "the $20 million associated with the project at Fort Bliss."  *Id.*  This Court has now rejected that premise, holding that Plaintiffs' harms include, but are not limited to, the loss of Fort Bliss funds.  *See* ECF No. 129, at 9-22.  In addition to losing Fort Bliss funds, the Court found that the County has suffered reputational and economic injury based on the Proclamation itself and *all* wall construction, *see id.* at 10-18; *id.* at 12-13 ("the Proclamation and subsequent government actions of obtaining funding from various sources to build a border wall . . . incurs the risk of harm to El Paso County's reputation"), and that BNHR has suffered organizational injury based on its diversion of resources in responding to *all* of Defendants' unlawful actions, *see id.* at 18-22; *id.* at 22 ("the Proclamation

and Defendants' subsequent actions have required BNHR to expend significant resources that could have, and would have, gone elsewhere").  In short, there is no basis for tying an injunction to Fort Bliss when Plaintiffs' injuries and Defendants' violations sweep far beyond Fort Bliss. Under Defendants' own logic—*i.e.*, that "a plaintiff's remedy" is tied "to the inadequacy that produced his injury in fact," ECF No. 126, at 15 (quoting *Gill v. Whitford*, 138 S. Ct. 1916, 1930 (2018))—the injunction here should bar Defendants' use of §§ 2808 and 284 funds on building a border wall.

## CONCLUSION

In sum, this Court should issue a declaratory judgment that the Proclamation is unlawful to the extent it authorizes border wall construction using funds appropriated by the CAA for "military construction" under § 2808, and that Defendants' use of funds appropriated by the CAA for "military construction" under § 2808 and "support for counterdrug activities" under § 284 on building a border wall is unlawful.  In addition, the Court should permanently enjoin the agency head Defendants from using funds appropriated by the CAA for "military construction" under § 2808 and "support for counterdrug activities" under § 284 on building a border wall.

Dated: October 21, 2019

Respectfully submitted,

/s/ *Anton Metlitsky*
Anton Metlitsky (*Pro hac vice*)
O'MELVENY & MYERS LLP
Seven Times Square
New York, NY 10036
(212) 326-2000
ametlitsky@omm.com

Ephraim McDowell (*Pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
emcdowell@omm.com

Kristy Parker (*Pro hac vice*)
Justin Florence (*Pro hac vice*)
Erica Newland (*Pro hac vice*)
THE PROTECT DEMOCRACY PROJECT,
INC.
2020 Pennsylvania Avenue., NW, #163
Washington, DC 20006
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
justin.florence@protectdemocracy.org
kristy.parker@protectdemocracy.org
erica.newland@protectdemocracy.org

Deana K. El-Mallawany (*Pro hac vice*)
THE PROTECT DEMOCRACY PROJECT,
INC.
125 Walnut Street, Ste. 202
Watertown, MA 02472
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
deana.elmallawany@protectdemocracy.org

Stephanie Llanes (*Pro hac vice*)
THE PROTECT DEMOCRACY PROJECT,
INC.
222 Broadway, 19th Floor
New York, NY 10038
Telephone: (202) 579-4582
Facsimile: (929) 777-8428

stephanie.llanes@protectdemocracy.org

David Bookbinder (*Pro hac vice*)
NISKANEN CENTER
820 First Street, NE
Washington, DC 20002
Telephone: (301) 751-0611
dbookbinder@niskanencenter.org

Richard Mancino (*Pro hac vice*)
Shaimaa M. Hussein (*Pro hac vice*)
Matthew Dollan (*Pro hac vice*)
Samantha G. Prince (*Pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
RMancino@willkie.com
SHussein@willkie.com
MDollan willkie.com
SPrince@willkie.com

Stuart Gerson (*Pro hac vice*)
EPSTEIN BECKER GREEN
1227 25th Street, NW
Washington, DC 20037
Telephone: (202) 861-4180
Email: SGerson@ebglaw.com

Laurence H. Tribe (*Pro hac vice*)
Carl M. Loeb University Professor and
Professor of Constitutional Law
HARVARD LAW SCHOOL*
1575 Massachusetts Avenue
Cambridge, MA 02138
Telephone: (617) 495-1767
Email: tribe@law.harvard.edu

*Affiliation noted for identification purposes
only

John C. Padalino (Texas State Bar No.
24041638)
401 Congress Avenue, Suite 1540
Austin, Texas 78701

Telephone: (512) 596-2944
Facsimile: (512) 596-2944
john@padalinolaw.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically filed the foregoing document with the U.S. District Court for the Western District of Texas by using the CM/ECF system, which will send notifications of such filing to all CM/ECF counsel of record.

Dated: October 21, 2019                       /s/ *Anton Metlitsky*
                                              Anton Metlitsky (*Pro hac vice*)
                                              O'MELVENY & MYERS LLP
                                              Seven Times Square
                                              New York, NY 10036
                                              Telephone: (212) 326-2000
                                              ametlitsky@omm.com